IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE R. STRICKLAND, #226537, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-931-F |
| ) | |
| PRISON HEALTH SERVICES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

In his complaint, the plaintiff names nurse Morris as a defendant.. Service was attempted but unperfected on this individual because he/she was no longer at the address provided by the plaintiff. If a person has not been served, he/she is not a party to this lawsuit except in very unusual circumstances. Consequently, in order to maintain litigation against nurse Morris, the plaintiff must furnish the clerk's office with a correct address for this individual. Accordingly, it is

ORDERED that on or before November 16, 2005 the plaintiff shall furnish the clerk's office with the correct address of nurse Morris. **The plaintiff is advised that the court will not continue to monitor this case to ensure that the defendants he wishes to sue have been served**. This is the plaintiff's responsibility. Moreover, the plaintiff is specifically cautioned that if service is not perfected on nurse Morris he/she will not be considered a party to this cause of action, the court will on its own initiative dismiss the claims against nurse Morris, and this case will proceed against only the defendants on whom service has

been perfected.  *See* Rule 4(m), *Federal Rules of Civil Procedure*.

Done this  2nd day of November, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE
