IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

WILLIE R. STRICKLAND, PRO SE

PLAINTIFF

V.                                           CASE NO. 2:05-CV-931

SAMUEL RAYAPATI, et. al.,

DEFENDANTS.

## ANSWER

Acata v. Prison Health Services Inc. cite as 769 F.2d (1985) p. 700. The motion to dismiss should not be granted unless it appears to a certainty "that the plaintiff can prove no set of facts which would entitle him to relief" Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984).

Furthermore if necessary medical treatment has been delayed for non medical reasons a case of deliberate indifference has been made out. See Narcher v. Dutcher, 733 F.2d 14, 17 (2nd Cir. 1984). Plaintiff was indigent and that the Defendants put the financial interest of Prison Health Services Inc. ahead of the serious medical needs of plaintiff.

There are at least three separate although somewhat overlapping aspects to the Plaintiffs claim of deliberate indifference. The first is Plaintiffs allegation that the Defendants failed to provide even that level of diagnostic care that they themselves believed to be necessary. See Exhibits A-1 in which my family contacted Warden Giles who then informed N. Burks of my concerns. Mrs. Burks inturn stated "I will speak with Dr. Rayapati this week in reference to referring Strickland to Dr. Whyte for a surgical evaluation." The knowledge of the need for medical care and intentional refusal to provide that care has consistantly been held

to surpass negligence and constitute deliberate indifference. See Robinson v. Moreland 655, F.2d 887 (8th Cir. 1981). In Ramos v. Lamb 639 F.2d 559, 575 (10th Cir. 1980) cert. denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981) the Court said:

> Deliberate indifference to serious medical needs is shown when prison officials have prevented an "inmate from receiving recommended treatment" or "when an inmate is denied access to medical personnel capable of evaluating the need for treatment."

See Exhibit B: Samuel Rayepati himself requested an office visit for the Plaintiffs evaluation for surgery and stated Plaintiff will be more comfortable with surgery. This was done through a utilization Management Referal form which was sent to Prison Health Services Inc. on June 14, 2004 and was returned denied on June 16, 2004. See Exhibits B-1 and B-2

In this case the Plaintiff alleged that the Defendants knew that medical care was necessary but simply refused to provide it. The complaint maintains that the Defendants concluded that "Strickland" the Plaintiff required an evaluation and consultation with Dr. Whyte on February 25, 2005, according to the Utilization Management Referal Review Form filed by Samuel Rayepati who recommended a consultation for surgery. This was again denied. See Exhibit B-2.

Intentional failure to provide service acknowledged to be necessary is the deliberate indifference proscribed by the constitution. See Woodall v. Foti 648 F.2d 268, 272, 273 (5th Cir. 1981).

Second Plaintiff alleged that the Defendants failed to provide proper medical care. Plaintiffs allegations go far beyond simple mistake or negligence. Rather, they maintain that the medical care provided was so cursory as to amount to no treatment at all. Such actions, in the case of serious medical problems, may violate the 14th Amendment.

See Tolbert v. Eyman, 434 F.2d 625, 626 (9th Cir. 1970). As the Third Circuit has noted under similar facts.

Although the Plaintiff has been provided with a truss, this may not constitute adequate medical care. "If deliberate indifference caused an easier and less efficacious treatment" to be provided, the Defendants have violated the Plaintiffs Eighth Amendment rights by failing to provide adequate medical care. West v. Keve, 571 F.2d 158, 162 (3rd. Cir. 1978). (Citation Omitted)

Prison Health Services has failed to follow the recommendation of Ventress Correctional Institutes medical Dr. Samuel Rayapati.

Prison Health Services Inc. has failed to fulfill D.O.C.'s contractoral obligation. (Quote) Estelle v. Gamble 429 U.S. 97, 104 50 L.ed.2d 251 (Contracting out Prison medical care does not relieve the state of its constitutional duty to provide adequate medical treatment of those in its custody, and does not deprive the states prisoners of means to vindicate their Eight Amendment rights.

## CLOSING

The Eighth Amendment protects an inmate form a governmental actor deliberate indifference to his basic needs; under this standard, conduct is "deliberately" indifference when the official has acted in an intentional or criminally reckless manner; e.g. the Defendant must have known that the Plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm form occurring even though he could have easily done so. The Eighth Amendment protects prisoners from an officials deliberate indifference to conditions posing an unreasonable risk of serious damage to a prisoners present and future health.

3

In this case the Defendants have acted with deliberate indifference towards the Plaintiffs health needs, and continue to do so without seeking any type specialist or doctor who could evaluate the Plaintiffs injuries occurred while incarcerated and while obeying a direct order form a D.O.C. official. Plaintiff has been under duress since June 3, 2004, trying to get something done.

WHEREFORE, Plaintiff prays this Honorable Court grant summary judgement to him, and to order a trial on the merits of the pleadings before any further irrepairable damage can be inflicted upon the Plaintiff.

Done this 15th day of Dec, 2005.

*Willie Strickland* PROSE:
Willie R. Strickland
AIS #226537 Dorm 3
Post Office Box 767
Clayton, AL. 36016-0767

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing by placing a copy of the same in the U.S. mail, properly addressed and postage prepaid upon:

Rushton, Stakely, Ohnston & Garrett, P.A.
Post Office Box 270
Montgomery, AL. 36101-0270

and

Troy King
Office of the Attorney General
General Civil Litigation
11 South Union Street
Montgomery, AL. 36130

*Willie Strickland*
Willie R. Strickland