IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE STRICKLAND, #226537, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV NO. 2:05-CV-931-F |
| ) | |
| SAMUEL RAYAPATI, et. al., ) | |
| ) | |
| Defendants. ) | |

## SPECIAL REPORT

COMES NOW, the defendant, J.C. Giles, by and through the Attorney General for the State of Alabama, Honorable Troy King, and in accordance with this Honorable Court's Order entered on October 13, 2005, does hereby submit the following Special Report.

## PARTIES

1. The plaintiff, Willie Strickland, is an Alabama Department of Corrections (ADOC) inmate, who is presently incarcerated at Ventress Correctional Facility, in Clayton, Alabama.

2. Plaintiff has named the following defendant:

    a. J. C. Giles who presently is employed by the Alabama Department of Corrections as a Warden III at Ventress Correctional Facility.

## DEFENDANTS' EXHIBITS

In accordance with this Court's Order, the defendant submits the following exhibit:

1. Exhibit "A" – Affidavit of Willie Strickland.

## PLAINTIFF'S ALLEGATIONS

The plaintiff claims that he should be treated with a surgical procedure for a hernia. The plaintiff claims he has been denied this surgery despite numerous requests for it.

## DAMAGES/RELIEF DEMANDED

The plaintiff has demanded hernia surgery and $75,000 for pain and suffering.

## DEFENDANT'S RESPONSE

Defendant respond to the plaintiff's complaint as follows:

1. The plaintiff has failed to state a claim upon which relief can be granted.
2. The defendant denies that any of the plaintiff's constitutional rights have been violated.
3. The defendant asserts the defenses of absolute and qualified immunity.
4. The defendant denies all the material allegations not expressly admitted herein.
5. Defendant asserts that the plaintiff has failed to show there is any genuine issue of the material facts of this case and the defendants are entitled to judgment as a matter of law.

## STATEMENT OF FACTS

The plaintiff has alleged that he has been denied medical treatment by Warden Giles. This is not true. (Exhibit A). In his capacity as Warden III at Ventress Correctional Facility, Warden Giles has ensured that the plaintiff has access to medical care and that he is being taken care of at the Health Care Unit at Ventress Correctional Facility. Warden Giles has talked with the Health Care Unit and confirmed the plaintiff is being monitored. (Exhibit A).

## ARGUMENT

The plaintiff claims deliberate indifference to an inmate's serious medical needs that would violate the Eighth Amendment's prohibition against cruel and unusual punishment. The standard for a claim of deliberate indifference is: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F. 3d 1248, 1255 (11th Cir. 1999). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d. 251 (1976). The Supreme Court has also held that

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference .... The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

*Farmer v. Brennan*, 511 U.S. 825, 837-88 (1994), quoted in *Campbell v. Sikes*, 169 F. 3d 1353, 1363 (11th Cir. 1999). There is no evidence to indicate that the defendant was deliberately indifferent to the plaintiff's serious medical needs. The defendant has confirmed that the plaintiff has access to medical care at the Health Care Unit. (Exhibit A). The plaintiff has shown no evidence that the defendant was deliberately indifferent to his health care needs. Therefore, the *McElligott* and *Estelle* components of deliberate indifference are not present in this case.

The defendant is entitled to judgment from the plaintiff's claims based on qualified immunity, which "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). The defendant fulfilled his duty of ensuring access to medical care. (Exhibit A). The plaintiff has failed to cite a case that puts any defendant on notice that his actions violated clearly established law, so the defendant is entitled to qualified immunity.

To the extent that the plaintiff asserts his claims against the defendant in his official capacity, the claims must fail because the defendant is entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The defendant was acting within the scope of his official duties in this instance on behalf of the State of Alabama. The plaintiff has named the Alabama Department of Corrections as a defendant and therefore has sued the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. The defendant is absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, ALA.

Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state).

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250 (1986). This case is ripe for summary judgment because there is no genuine issue of fact as to the plaintiff's claims and the defendant is entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, the defendant respectfully requests that this Honorable Court enter a summary judgment in his favor.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL


     /s/  MATTHEW Y. BEAM
MATTHEW Y. BEAM (BEA065)
ASSISTANT ATTORNEY GENERAL

**ADDRESS OF COUNSEL**

Office of the Attorney General
General Civil Litigation
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7340
(334) 242-2433 fax

## CERTIFICATE OF SERVICE

I hereby certify that this 10th day of January, 2006 served a copy of the foregoing on the plaintiff by placing same in the United States mail, postage prepaid and addressed as follows:

Mr. Willie Strickland
AIS 226537
Ventress Correctional Facility
P.O. Box 767
Clayton, Alabama 36016-0767

                                                /s/ MATTHEW Y. BEAM
                                       MATTHEW Y. BEAM (BEA065)
                                       ASSISTANT ATTORNEY GENERAL