IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORHTERN DIVISION

| | | |
|---|---|---|
| WILLIE R. STRICKLAND (AIS #226537), | * | |
| Plaintiff, | * | |
| v. | * | CV- 2:05-cv-931 |
| | * | |
| SAMUEL RAYAPATI, ET AL., | * | |
| Defendants. | * | |
| | * | |

## ANSWER

COMES NOW defendant Nettie Burks, R.N., H.S.A. (named in plaintiff's Amended Complaint as "Nettie Burks HAS") for Answer to the plaintiff's Complaint as amended herein, and says as follows:

1. The defendant denies each and every material allegation contained in the plaintiff's Complaint as amended and demands strict proof thereof.

2. The defendant pleads not guilty to the charges in the plaintiff's Complaint as amended.

3. The plaintiff's Complaint as amended fails to state a claim against the defendant for which relief can be granted.

4. The defendant affirmatively denies any and all alleged claims by the plaintiff.

5. The plaintiff is not entitled to any relief requested in the Complaint as amended.

6.   The defendant pleads the defense of qualified immunity and avers that the actions taken by her were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the plaintiff.

7.   The defendant is entitled to qualified immunity and it is clear from the face of the Complaint as amended that the plaintiff has not alleged specific facts indicating that the defendant has violated any clearly established constitutional right.

8.   The defendant cannot be held liable on the basis of <u>respondeat superior</u>, agency, or vicarious liability theories.

9.   The plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10.   The allegations contained in the plaintiff's Complaint as amended against the defendant, sued in her individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. <u>See</u> <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992); <u>Arnold v. Board of Educ. Of Escambia County</u>, 880 F.2d 305, 309 (11th Cir. 1989).

11.   The defendant pleads all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12.   The defendant avers that she was at all times acting under color of state law and, therefore, she is entitled to substantive immunity under the law of the State of Alabama.

13.   The defendant pleads the general issue.

14.   This Court lacks subject matter jurisdiction due to the fact that even if plaintiff's allegations should be proven, the allegations against defendant would amount

to mere negligence which is not recognized as a deprivation of the plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15. The plaintiff's claims against the defendant in her official capacity are barred by the Eleventh Amendment to the United States Constitution.

16. Alabama law provides tort and other remedies for the allegations made by the plaintiff herein and such remedies are constitutionally adequate.

17. The defendant pleads the defense that at all times in treating plaintiff she exercised the same degree of care, skill, and diligence as other health care providers would have exercised under similar circumstances, and that at no time did she act towards the plaintiff with deliberate indifference to any serious medical need.

18. The defendant pleads the affirmative defense that the plaintiff's Complaint as amended fails to contain a detailed specification and factual description of the acts and omissions alleged to render her liable to the plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19. The defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

20. The defendant pleads the defense of res judicata.

21. The defendant pleads the affirmative defense that plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

22. The defendant pleads the affirmative defense that she is not responsible for the policies and procedures of the Alabama Department of Corrections.

23. The defendant pleads the affirmative defense that the plaintiff has failed to mitigate his own damages.

24. The defendant pleads the affirmative defense that she is not guilty of any conduct which would justify the imposition of punitive damages against her and that any such award would violate the United States Constitution.

25. The defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

26. The plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

27. The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of the plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the defendant who is entitled to immunity.

28. The plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

29. The plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

30. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

money damages from the defendant who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

31.   The defendant asserts that the plaintiff's Complaint as amended is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award this defendant reasonable attorney's fees and costs incurred in the defense of this case.

Respectfully submitted,

s/L. Peyton Chapman, III
Alabama State Bar Number CHA060
s/R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for defendants PHS,
Samuel Rayapati, M.D., Ruth Morris,
R.N., Linda Floyd, C.R.N.P., and
Nettie Burks, R.N., H.S.A.

RUSHTON, STAKELY, OHNSTON
& GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama  36101-0270

Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: bg@rsjg.com

6

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this day served a copy of the foregoing by placing a copy of same in the U.S. Mail, properly addressed and postage prepaid upon:

    Willie Strickland (AIS# 226537)
    Ventress Correctional Facility
    P.O. Box 767
    Clayton, AL 36016

on this the 12th day of January, 2006.

                                           s/R. Brett Garrett
                                           Alabama State Bar Number GAR085