IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE R. STRICKLAND, ) | |
| AIS #226537, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-931-WKW |
| ) | [WO] |
| ) | |
| PRISON HEALTH SERVICES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Willie R. Strickland ["Strickland"], a former state inmate. In this complaint, Strickland asserts that the defendants violated his Eighth Amendment right against cruel and unusual punishment by denying him adequate medical treatment for a right inguinal hernia during his confinement at the Ventress Correctional Facility ["Ventress"]. Strickland names Prison Health Care Services, Inc. ["PHS"], the medical care provider for the Alabama Department of Corrections at the time of the complained of treatment, registered nurses Nettie Burks and Ruth Morris, certified registered nurse practitioner Linda Floyd and Dr. Samuel Rayapati, all employees of PHS at Ventress, and J. C. Giles, a warden at such correctional facility, as defendants in this cause of action. Strickland seeks "hernia surgery" and monetary damages for the alleged violations of his constitutional rights. *Plaintiff's*

*Complaint - Court Doc. No. 1* at 3.

The defendants filed special reports, answers and supporting evidentiary materials addressing Strickland's claims for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat the reports filed by the medical defendants and warden Giles as motions for summary judgment. *Order of January 13, 2006 - Court Doc. No. 28*. Thus, this case is now pending on the defendants' motions for summary judgment. Upon consideration of such motions, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the motions, the court concludes that the defendants' motions for summary judgment are due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.2007) (per curiam) (quoting Fed.R.Civ.P. 56(c)). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting

evidence showing there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324 (non-movant must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"); Fed.R.Civ.P. 56(e) ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, ---- U.S. ----, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006). Consequently, to survive the defendants' properly supported motions for summary

3

judgment, Strickland is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not provide sufficient evidence to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging a defendant's actions); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case

and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248. "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is

5

proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, ---- U.S. at ----, 126 S.Ct. At 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Strickland fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. DISCUSSION

Strickland complains the defendants acted with deliberate indifference to a serious medical need by failing to provide him surgery for his hernia. In his response to the defendants' reports, Strickland further argues the defendants refused to refer him to a "free world" surgeon for evaluation. The defendants deny they acted with deliberate indifference to Strickland's medical condition and, instead, maintain they provided Strickland with appropriate treatment for his hernia.

To prevail on an Eighth Amendment claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that those responsible for

providing medical treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Specifically, correctional officials and prison medical personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989). "In articulating the scope of inmates' right to be free from deliberate indifference, however, the Supreme Court has also emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle*, 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel*, 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop*, 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the prison's medical staff and the

inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985) (mere fact that prisoner desires a different mode of medical treatment does not amount to deliberate indifference); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) ("A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation."); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (prison medical personnel do not violate the Eighth Amendment simply because their opinions concerning medical treatment conflict with that of the inmate-patient).  A prison medical care provider may be held liable under the Eighth Amendment only for acting with deliberate indifference to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

No extended discussion of the facts is necessary.  The medical records filed herein demonstrate that during Strickland's confinement at Ventress his hernia remained small, easily reducible and non-strangulated.  *Medical Defendants' Exhibit A (Inmate Medical Records of Willie Strickland) - Court Doc. No. 14-2*.  Additionally, the hernia did not become incarcerated nor did it undergo any significant changes during the time about which Strickland complains.  *Id*.  The undisputed evidentiary materials before the court

further demonstrate that the prison medical staff routinely examined Strickland, thoroughly evaluated his complaints and provided treatment in accordance with their professional judgment. *Medical Defendants' Exhibit A (Inmate Medical Records of Willie Strickland) - Court Doc. No. 14-2*; *Medical Defendants' Exhibit B (Affidavit of Dr. Samuel Rayapati) - Court Doc. No. 14-3* at 2-3. These materials likewise establish that medical personnel, including Dr. Rayapati, nurse practitioner Floyd and nurse Burks, prescribed pain medication to alleviate Strickland's discomfort and engaged in a treatment plan to properly manage the hernia. Thus, Strickland received treatment for his hernia in the form of pain medication, a supportive truss and the issuance of various special needs profiles, including limitations on lifting, assignments to a bottom bunk and permission to lay in.[1] Medical personnel consistently renewed Strickland's special needs profiles and his prescription for pain medication. Under the circumstances of this case, it is clear that the course of treatment undertaken by the defendants was not so grossly incompetent or inadequate that it shocks the conscience or violates fundamental fairness.

Although Strickland asserts he should have received surgery on his hernia, this assertion, without more, fails to establish deliberate indifference. It is undisputed that

---

[1] On two occasions, Dr. Rayapati completed referral review forms in which he sought approval from the regional medical director of PHS, Dr. Will Mosler, for referral of Strickland to a specialist for consultation regarding possible surgery on his hernia. *Medical Defendants' Exhibit A (Medical Records of Willie Strickland) - Court Doc. No. 14-2* at 39 and 41. However, after reviewing the condition of Strickland's hernia, Dr. Mosler determined that surgery was not necessary and denied the referral request. *Id*. Dr. Mosler deemed the conservative course of treatment undertaken by medical personnel at Ventress appropriate and suggested continuation of this treatment plan as Strickland's hernia remained small and easily reducible.

Strickland received conservative medical treatment for his hernia. His mere desire for a different mode of medical treatment does not amount to deliberate indifference. *Harris*, 941 F.2d at 1505. Strickland has failed to present any evidence which indicates the defendants knew that the manner in which they treated his hernia created a substantial risk to his health and that with this knowledge consciously disregarded such risk. The record is devoid of evidence, admissible or otherwise, showing that the defendants acted with deliberate indifference to Strickland's medical needs. Summary judgment is therefore due to be granted in favor of the defendants.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motions for summary judgment filed by the defendants be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before March 13, 2008 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of February, 2008.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE